[L. A. No. 500.   Department One.—December 22, 1899.]

## SOUTH SAN BERNARDINO LAND AND IMPROVEMENT COMPANY, Appellant, v. SAN BERNARDINO NATIONAL BANK, Respondent.

Resulting Trust—Part Payment of Purchase Money—Purchase of Title under Execution—Notice of Equity.—A payment of part of the purchase money of land, the legal title to which is held by another, carries with it by resulting trust a proportionate equitable estate in the land purchased, which may be enforced in equity against a subsequent purchaser of the legal title under execution, who took with notice of the equity.

Id.—Pleading—General Demurrer—Uncertainty.—A complaint to enforce a resulting trust which states facts showing a sale, and the proportion of the price paid by each purchaser, and bringing the case clearly within the rule requiring the enforcement of an equity against the defendant, is good as against a general demurrer, and any uncertainty as to the time of payment of the purchase price cannot be objected to if not urged as a ground of special demurrer.

Id.—Review upon Appeal—Objection to Complaint by Respondent.—Upon appeal by the plaintiff, an objection by the respondent to the complaint cannot be heard, unless it is so defective in averment that it would not support any judgment in plaintiff's favor.

Id.—Former Judgment—Res Adjudicata—Improper Action to Quiet Title.—A former judgment between the parties is only conclusive when the same thing under the same title is litigated. A former judgment against the plaintiff in an action which he was not entitled to maintain as a *cestui que trust* to quiet his title against the defendant who was his trustee of the legal title, cannot estop him from maintaining a subsequent action which he is entitled to maintain to enforce a resulting trust in his favor against the same defendant.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. John L. Campbell, Judge.

The facts are stated in the opinion.

Caldwell & Duncan, for Appellant.

John G. North, and Curtis & Curtis, for Respondent.

GRAY, C.—This is an action to enforce a trust and compel a conveyance. The plaintiff appeals from the judgment and from an order denying a new trial.

1. The substance of the complaint is that one Rosenthal and seven others bought certain lots of the rancho of San Bernardino, said Rosenthal and five others paying each one-tenth, and the other two each paying two-tenths of the purchase price of said lots. That the eight persons were to have proportionate interests in the land purchased equal to the amount paid by each of them. That they subsequently received a deed to the lots, which deed failed to designate the interest conveyed to each of the grantees. That thereafter all the grantees named in said deed formed the corporation plaintiff, and all except Rosenthal conveyed all their interest in the property to the plaintiff. That Rosenthal conveyed an undivided one-tenth of said property to one Boggs, who subsequently conveyed the same to plaintiff. That thereafter defendant herein, in a suit against said Rosenthal and another, seized, sold, and bought in under execution all the right, title, and interest of said Rosenthal in and to said property and obtained a sheriff's deed therefor. That defendant purchased said property with notice of plaintiff's rights therein. That plaintiff had demanded a conveyance of defendant, which defendant had refused. Plaintiff prays that defendant be declared a trustee of the legal title for the benefit of plaintiff, and that defendant be compelled to convey to plaintiff.

2. The first question to be determined is that raised by a general demurrer to the complaint: Does the complaint state a cause of action?

It appears from the facts set forth in the complaint, and recited above, that while Rosenthal paid but one-tenth of the purchase price of the property, there was conveyed to him by the deed an undivided one-eighth of said property. Having thereafter conveyed to the plaintiff corporation a one-tenth interest in the property, there was still left some sort of title in him to an undivided one-fortieth of said property, and to this one-fortieth the defendant has succeeded. The question is, Do the facts stated in the complaint show that defendant holds this one-fortieth interest in trust for plaintiff? If this question is answered in the affirmative, then the complaint states a cause of action.

It is settled law that where one pays the purchase price of land and the land is thereupon conveyed to another, the title to the land is held, under such conveyance, in trust for the person who has paid the purchase price. (Civ. Code, sec. 853.) This principle is also applied so as to make the payment of a part of the purchase money carry with it a proportionate equitable estate in the land purchased equal to the amount paid (2 Pomeroy's Equity Jurisprudence, sec. 1038); and the *cestui que trust* may, in a court of equity, compel a conveyance to himself of the legal title as well from anyone succeeding to the title of the trustee, with notice, as from the trustee himself. (2 Pomeroy's Equity Jurisprudence, sec. 1043; *Case v. Codding,* 38 Cal. 191; *Murphy v. Clayton,* 113 Cal. 153.) The facts stated in the complaint show a sale and the proportion of the price paid by each grantee, and bring the case clearly within the principle of the authorities cited above, and the complaint is certainly good as against the general demurrer interposed. If there is any uncertainty in the complaint as to the time of the payment of any part of the purchase price of the land by any of the vendees, such uncertainty could only be reached by special demurrer based upon that ground. In the absence of any special demurrer to the complaint it is unnecessary to specially notice the other points urged in respondent's brief as to the sufficiency of the complaint. It may be proper also here to say that the defendant, not having appealed, cannot be heard on any objection to the complaint unless the complaint is so defective in averment that it would not support any judgment in plaintiff's favor. (*Bates v. Babcock,* 95 Cal. 479; 29 Am. St. Rep. 133.)

3. Defendant pleaded in bar a judgment, in his favor and against plaintiff, rendered in a former action to quiet title, which action was brought by plaintiff herein against defendant herein, and the judgment of the court below in defendant's favor is based entirely on a finding favorable to defendant on this plea in bar.

In an action to quiet title the relief sought in the case at bar could not be obtained. This action, being to enforce a trust and compel a conveyance, proceeds on the theory that the legal title is in the defendant, whereas a suit to quiet title ordinarily proceeds upon a contrary theory, and cannot be maintained

against the holder of the legal title. The former judgment is conclusive between the parties only "when the same thing under the same title" is litigated. (Code Civ. Proc., sec. 1908.) We think, therefore, that the findings of the court and conclusions of law should have been for plaintiff on the plea in bar. Plaintiff should not be estopped from maintaining an action for relief that he is entitled to on the facts as they exist because he previously mistook his remedy and tried to maintain an action that he never was entitled to. The foregoing views find support in the following cases: *Von Drachenfels v. Doolittle*, 77 Cal. 295; *O'Connor v. Irvine*, 74 Cal. 435; *Harrigan v. Mowry*, 84 Cal. 457; *Shanahan v. Crampton*, 92 Cal. 9.

We advise that the judgment and order denying a new trial be reversed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed.

Harrison, J., Garoutte, J., Van Dyke, J.