[Civ. No. 1096.   Third Appellate District.—July 29, 1913.]

SAM PAVLOVICH et al., Respondents, v. ELI PAVLO-
VICH, Appellant.

RESULTING TRUST—PURCHASE OF LAND—PRICE PAID BY ONE AND TITLE
TAKEN BY ANOTHER.—Where one pays the purchase price of land,
and the land is thereupon conveyed to another, the title of the prop-
erty is held, under such conveyance, in trust for the person who has
paid the purchase price.

ID.—ACTION TO ESTABLISH TRUST—SUFFICIENCY OF COMPLAINT.—A com-
plaint in an action to establish a trust which alleges an oral agree-
ment between the parties to purchase real property, and for that
purpose to contribute an equal amount of money; that certain
moneys were contributed by the plaintiffs; that the defendant there-
after purchased one lot and entered into a contract with the owner
for the purchase of another; that for the two lots the sum of seven
hundred and fifty dollars was to be paid, and that said sum was
paid by the defendant for the same; that the latter took the deed
to one lot in his own name; and that subsequently, and after ex-
pensive improvements were erected upon the lots, the expense of
which was borne partly by the plaintiffs, the defendant claimed that
he was the sole owner of the property, is sufficient to state a cause
of action as against a general demurrer.

ID.—DEMURRER TO COMPLAINT—BAR OF STATUTE OF LIMITATIONS.—A de-
murrer to the complaint, on the ground that the action is barred by
the statute of limitations, is properly overruled, if the precise time
at which the alleged repudiation by the defendant of the trust took
place does not appear on the face of the complaint.

ID.—PLEADING—RULES OF CONSTRUCTION.—The rule is, not that a plead-
ing is to be construed most strongly against the pleader, but that
in the construction of a pleading, for the purpose of determining its
effect, its allegations must be liberally construed, with a view to
substantial justice between the parties.

ID.—BAR OF STATUTE OF LIMITATIONS—REVIEW ON APPEAL.—On an ap-
peal from a judgment on the judgment-roll alone, it must be con-
clusively presumed that a finding of the trial court as to the date
when the defendant repudiated the trust was justified by the evi-
dence.

ID.—REPUDIATION OF TRUST NECESSARY TO CREATE CAUSE OF ACTION.—
If the plaintiff and defendant contributed to the purchase of land,
the title to which was taken in the name of the defendant, a cause
of action to establish a resulting trust does not accrue in favor of

the plaintiff against the defendant until the latter repudiates the trust and sets up an adverse claim.

ID.—STATUTE OF FRAUDS—TRUSTS ARISING BY OPERATION OF LAW.— ·The plea of the statute of frauds cannot be set up as a bar to relief in cases of constructive trusts. Section 852 of the Civil Code expressly excepts from its operation such trusts as arise "by operation of law."

ID.—ORAL AGREEMENT NOT SOURCE OF TRUST.—Where two persons contribute money to the purchase of land the title to which is taken in the name of one of them, pursuant to an oral agreement, the resulting trust comes, not from the agreement, but from the facts shown as to the amount of purchase price advanced by each.

ID.—EQUITY IN LAND HELD UNDER AGREEMENT TO PURCHASE.—If it appears in an action to establish such trust, that the defendant has acquired the legal title to one tract but only an agreement to purchase another tract, the court may adjudicate their respective rights to the equity in the latter tract.

APPEAL from a judgment of the Superior Court of Plumas County. J. O. Moncur, Judge.

The facts are stated in the opinion of the court.

W. W. Kellogg, and L. N. Peter, for Appellant.

M. C. Kerr, and J. D. McLaughlin, for Respondents.

HART, J.—This action was brought for the purpose of securing a decree that the plaintiffs are the owners each of an undivided one-third of lots 1 and 2 of block 4 in the town of Johnsville, Plumas County, and that the defendant holds said property in trust for them.

Judgment passed for the plaintiffs, decreeing that the plaintiffs are each entitled to a one-third interest in the property described in the complaint, and the clerk of the court is thereby appointed to execute such conveyance in case the defendant fails or refuses to do so.

This appeal is by the defendant from the judgment so rendered and entered upon the judgment-roll alone.

The complaint states the facts relied upon for the relief prayed for as follows:

"1. That on or about the 1st day of November, 1906, the plaintiffs and the defendant entered into an oral agreement for

the purchase of lots 1 and 2 of block 4 of the town of Johnsville, county of Plumas, state of California, as shown by the official plat of said town on file in the office of the county recorder of the county of Plumas, state of California; that the purchase price of said two lots was to be the sum of $750.00, or thereabouts; that each of said parties was to contribute such sums as he could on the purchase price, and that said property was to be owned and used by them in equal parts, to wit: an undivided one-third to belong to each of said parties.

"2. That on or about the 1st day of November, 1906, said plaintiff, Sam Pavlovich, did contribute the sum of $50 toward said purchase, and on or about the 1st day of June, 1907, did contribute the further sum of $400.00 for said purpose; that on or about the 10th day of November, 1906, said plaintiff Chris Pavlovich did contribute the sum of $250.00 for the purchase of said lots; that during the summer and following year said plaintiffs did contribute large sums of money for the improvement of said lots and for the erection of buildings thereon; that said sums amount to about $4,000.00 in addition to the amounts above set forth.

"3. That on or about the 18th of November, 1906, said defendant did purchase from one P. Laurenzi that certain lot designated as lot 2 of block 4 of the town of Johnsville as above set forth and took a deed therefor in his own name; that plaintiffs are informed and believe and therefore allege that at said time said defendant did also enter into an agreement with said P. Laurenzi for the purchase of said lot 1 of said block 4 of said town of Johnsville; that plaintiffs are informed and believe that the full purchase (price) of said two lots as so agreed with said P. Laurenzi did not exceed the sum of $750.00.

"4. That after said purchase of said lots plaintiffs advanced as set forth in paragraph 2 hereof sums of money amounting to about $4,000.00 for the erection of a hotel building and other buildings thereon and that all of said money so advanced for the purchase of said lots and for the erection of said buildings, and for the furnishing of the same was in accordance with said oral agreement set forth in paragraph 1 hereof, to wit, that all of said parties were to own and hold all of said property as equal owners and each own and hold an undivided one-third in all of said property.

"5. Plaintiffs further allege that defendant now claims to own the whole of said property, and repudiates his trust, and denies that plaintiffs have any interest in said property; that plaintiffs have demanded of defendant that he convey to them each one-third of said property by proper deed as and in accordance with said agreement but defendant has refused and still refuses to do so; that plaintiffs are informed and believe that defendant is about to take a deed to said lot 1 of block 4 in his own name and that defendant claims all of said lot, and refuses to grant to plaintiffs their equal share in said agreement for the purchase of said lot, although sufficient money was advanced by plaintiffs to pay for more than their share of all of said property. That the value of said property is about $5,000.00.

"Wherefore, plaintiffs pray judgment, that it be decreed that they are each the owner of one-third interest in said property, and that the defendant convey the same to the plaintiffs by good and sufficient deed, or that, upon his failure so to do, a conveyance thereof be made by the clerk of the court or some person appointed for that purpose, and for costs of suit and such other and further relief as to the court may seem just."

The defendant demurred to the complaint on the following grounds: 1. That said complaint does not state facts sufficient to constitute a cause of action against the defendant; 2. That "said action is barred by the provisions of sections 1971, 1972 and 1973 of the Code of Civil Procedure"; 3. That said action is barred by the provisions of section 339 of the Code of Civil Procedure. The demurrer having been overruled, the defendant filed an answer in which he denies the making of the oral agreement mentioned in the complaint, denies that the plaintiffs or either of them ever contributed any money toward the purchase of the property in dispute or toward the erection of buildings on said lots, and denies that the plaintiffs have or that either of them has any interest in said property, or that they or either of them ever demanded from the defendant deeds to any interest therein or that "he has ever repudiated any trust in which the plaintiffs are or ever have been interested jointly or separately with him in any agreement, contract, understanding or property, either in Johnsville or elsewhere." As special defenses, the answer sets up the bar of the statute of limitations and also alleges that the action "is

barred by the provisions of sections 1971 and 1973 of the Code of Civil Procedure.''

We do not commend the complaint as a model pleading in an action to establish a resulting trust. It does not directly allege that the moneys contributed by the plaintiffs were delivered to the defendant, nor does it declare with directness that the defendant used any moneys which might have been advanced to him by the plaintiffs in the purchase of the property, nor does it disclose the precise time at which the defendant repudiated the trust. But, viewed as a whole, the complaint is, in our judgment, sufficient as against a general demurrer. It alleges the agreement between the parties to purchase the property, and for that purpose to contribute an equal amount of money; that certain moneys were contributed by the plaintiffs, that the defendant thereafter purchased one lot and entered into a contract with the owner for the purchase of the other, that for the two lots the sum of seven hundred and fifty dollars was to be paid and that said sum was paid by the defendant for the same; that the latter took the deed to one lot in his own name and that thereafter, and after expensive improvements were erected upon the lots, the expense of which improvements was borne partly by the plaintiffs, claimed that he was the sole owner of the property. These averments were, as stated, sufficient to state a cause of action for the relief sought.

It is a well-known rule cognizable in equity and which rule has been expressly adopted into our own system (Civ. Code, sec. 853), that where one pays the purchase price of land and the land is thereupon conveyed to another, the title of the land is held, under such conveyance, in trust for the person who has paid the purchase price. (*South San Bernardino L. & Imp. Co.* v. *San Bernardino Nat. Bank,* 127 Cal. 247, [59 Pac. 699].) The facts stated in the complaint clearly enough bring the case here within the rule thus stated.

The omissions above referred to constitute uncertainties or mere defects in form of which advantage should have been taken by a special demurrer. (*South San Bernardino L. & Imp. Co.* v. *San Bernardino Nat. Bank,* 127 Cal. 247, [59 Pac. 699].) It is, however, apparent, from the character of the answer, that, notwithstanding the defective statement of the facts, in the particulars noted, the defendant was not so

handicapped by doubt as to the true meaning of the averments of the complaint or of their real legal effect as to prevent him from joining issue and thus securing a trial of the merits of the controversy.

2. As to the bar of the statute of limitations, it is manifest that it was not well interposed as a ground of demurrer, since the precise time at which the alleged repudiation by the defendant of the trust took place does not appear on the face of the complaint. It is, of course, elementary that a demurrer must be addressed to defects, whether in form or in substance, appearing upon the face of the complaint. The court was not authorized to assume or presume that the repudiation occurred at such time, in respect of the date of the institution of the action, as that the right to maintain the action had been foreclosed by the terms of the statute. The rule in this state is, not that a pleading is to be construed most strongly against the pleader, as counsel for the appellant assert it to be, but that "in the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties." (Code Civ. Proc., sec. 452; *Estate of Wickersham*, 153 Cal. 603, 608, [96 Pac. 311].)

With respect to the bar of the statute as pleaded in the answer as a defense, it is to be observed that the court found that the defendant repudiated the trust on the first day of April, 1912, and, on an appeal from the judgment on the judgment-roll alone, it must be conclusively presumed that said finding was justified by the evidence, and is, therefore, sufficiently supported. Obviously, not until the trust was repudiated by the defendant could a cause of action to have the trust judicially declared arise in favor of the plaintiffs, and obviously, if, as the court finds to be true, the trust was repudiated by the defendant on the first day of April, 1912, a right to institute and maintain this action accrued to the plaintiff on that day, from which time only the statute commenced to run. This action having been commenced on the twelfth day of May, 1912, it is, of course, plainly true that even laches could not justly be imputed to the plaintiffs in proceeding to judicially establish their rights, while, of course, the statute of limitations is entirely out of the question.

But it is contended that the repudiation must be deemed to have taken place when the defendant caused the conveyance of lot two to be made to himself. The deed conveying said lot to the defendant was executed and delivered on the eighteenth day of November, 1906, and, manifestly, if the position of the appellant that the act of taking said conveyance constituted a repudiation of the trust be sound, the bar of the statute would be a good plea. But the contention, considered by the light of the allegations of the complaint that the plaintiffs each contributed toward the purchase price of the property, and that partly with the money so contributed the property was purchased and the deed to lot two thereupon taken in the name of the defendant under an understanding between the parties that the defendant should take the property in his name, is wholly destitute of merit. Indeed, it was only upon the execution of said conveyance that the trust could arise, and, having thus arisen, it was apparently recognized by the defendant until the first day of April, 1912. "Where one purchases land partly with the money of another, he cannot set up the laches of the latter during the time he admitted the *cestui's* rights. The statute will only begin to run in such case from the time he set up an adverse claim." (Perry on Trusts, sec. 865.)

3. The plea of the statute of frauds cannot be set up as a bar to relief in cases of constructive trusts. (Civ. Code, sec. 852.) That section expressly excepts from its operation such trusts as arise "by operation of law." (*Brison* v. *Brison,* 75 Cal. 525, 526, [7 Am. St. Rep. 189, 17 Pac. 689] ; *Jones v. Jones,* 140 Cal. 590, [74 Pac. 143] ; *Feeny* v. *Howard,* 79 Cal. 525, [12 Am. St. Rep. 162, 4 L. R. A. 826, 21 Pac. 984] ; *Alaniz* v. *Casenave,* 91 Cal. 41, [27 Pac. 521] ; *Hayne* v. *Hermann,* 97 Cal. 262, [32 Pac. 171].) It is obviously true that an express trust cannot be created by an oral agreement, but the fact that the complaint alleges that the plaintiffs and the defendant "agreed verbally to do that which the law implies from their acts, and to hold according to the amount of money paid by each, is immaterial and cannot affect the character of the transaction as a trust created by operation of law. The portion of interest which each is to hold results, not from any agreement, but from the facts shown as to the amount of purchase price advanced by each." (*Gerety* v. *O'Sheehan,* 9 Cal. App. 447, [99 Pac. 545] ; *Faylor* v. *Faylor,* 136 Cal. 92, [68

Pac. 482] ; *Case* v. *Codding,* 38 Cal. 191.)   Moreover, it is
elementary that the statute of frauds will never be allowed to
be used as an instrument of fraud where the courts can, con-
sistently with other rules of law, prevent it.

4. It is lastly contended that, since the complaint and the
findings disclose that lot one, described in the complaint, has
not been conveyed to the defendant, the plaintiffs are entitled
to no relief as to said lot at the hands of the defendant.   It is,
of course, true that, until the legal title to said lot has been
conveyed to and vested in the defendant, the latter cannot be
held to hold the *legal* title in trust for the plaintiffs, and that
it is not within the power of the defendant to convey to the
plaintiffs the respective legal interests which they may be en-
titled to therein.   But the complaint alleges, and the court
finds, that the total value of the two lots was the sum of seven
hundred and fifty dollars; that the full purchase price of both
lots has been paid out of moneys partly advanced by the
plaintiffs and that the defendant holds an agreement with the
owner of said lot one for the purchase of said lot.   It is obvious
that if, as the court finds, the full purchase price of both lots
has been paid, the defendant is entitled to a deed to said lot
one, and if, as the court further finds, both said lots were paid
for by moneys partly advanced by the plaintiffs, the latter are
equally interested with the defendant in the equity in said lot
one.   The complaint alleges, and the court finds, that valuable
improvements have been erected upon said *lots* by money
partly advanced by the plaintiffs, and, since it is further found
by the court that the defendant has repudiated his trust as to
both lots, we can perceive no objection to an adjudication by
the court in this action of the respective rights of the parties
in and to the equity in lot No. one.   Whether said lot has been
fully paid for or only partly paid for or no payment made
upon it at all, the plaintiffs, under the findings of the court,
each own an equal share either in whatever equitable interest
has been actually acquired in said lot under the agreement of
sale or in the agreement of sale itself, and we think, as stated,
that it was proper and within the issues for the court to de-
termine and declare in its decree the nature and extent of the
interests of the plaintiffs in said lot one, and to adjudge that
the defendant, directly with whom the agreement of sale was

made by the owner of the lot, holds the interests so acquired by plaintiffs in said lot in trust for them.

But it is clear that, as it goes beyond the findings, the judgment should and must be modified. By the terms of the judg. ment, the defendant is required to convey to the plaintiffs their respective interests in the *legal* title to lot one. As stated, the defendant cannot do this, for the simple reason that, according to the findings, the legal title to said lot has not yet been acquired by him. The defendant, as to said lot, can only transfer to the plaintiffs, through a proper instrument in writing, their respective interests in the equity acquired by them in said lot by virtue of the agreement for the purchase of the same.

It is, therefore, ordered that the judgment be modified in accordance with the suggestions thus made, and, as so modified, it is affirmed.

Chipman, P. J., and Burnett, J., concurred.