[S. F. No. 15506.   In Bank.—April 16, 1936.]

WILBUR J. LANKTREE, Appellant, v. JANE CLARK
LANKTREE, Respondent.

Allen C. Cunha and Dean Cunha for Appellant.

A. R. Rowell and Donahue, Hynes & Hamlin for Respondent.

CURTIS, J.—This action was commenced by the plaintiff to quiet his title to five separate parcels of real property described in the complaint in said action.   Defendant in her answer denied that plaintiff was the owner of said property or any part thereof, or that plaintiff was entitled to the possession of any part thereof.   She further alleged that she was the owner and entitled to the possession of all of said real property except the parcel last described in said complaint.

This parcel, being the last described in said complaint, is not involved, therefore, in this appeal.

The plaintiff introduced no evidence on the trial of said action. The defendant introduced both oral and documentary evidence in support of the allegations of her answer, that she was the owner and entitled to the possession of the four parcels of real property described in said complaint. The court found that the defendant was the owner and entitled to the possession of said four parcels of real property, and rendered judgment quieting her title thereto. Plaintiff has appealed on the judgment roll.

The whole contention of plaintiff on his appeal is that the court erred in quieting defendant's title to said real property "against any and all asserted claims and demands of said plaintiff, either legal or equitable". Appellant makes no contention that under the pleadings the court could not properly enter a decree quieting defendant's title to said real property. His objection to the decree only goes to that part thereof which quiets defendant's title against the *equitable* claims and demands of the plaintiff. He bases this contention upon the theory that as the holder of the equitable title to real property cannot maintain a quiet title action against the holder of the legal title, any equitable title or interest which he may have had in said real property was not put in issue in said action and accordingly the court erred in holding that defendant's title to said real property was quieted against any equitable claim of the appellant. While it is true that no equitable title or interest of plaintiff in said real property was put in issue by the allegations of the complaint and the denials thereof in the answer, the defendant went further than merely making a denial of the allegations of the complaint, and alleged affirmatively that she was the owner of and entitled to the possession of said real property, and asked that her title thereto be quieted. These affirmative allegations of the answer are deemed denied by the plaintiff. There was thus put in issue the question of defendant's title to said real property. If the plaintiff had any interest therein, either legal or equitable, it was his duty to produce evidence of the same in response to defendant's claim of absolute ownership. This the plaintiff neglected to do, and at the trial failed to introduce any evidence whatever of any right, either legal or equitable, in said real property as belonging to him.

Plaintiff had the right to interpose in answer to defendant's claim that she was the owner of said real property, any equitable claim he might have had to said real property. (*Jeffords* v. *Young*, 98 Cal. App. 400, 406 [277 Pac. 163].) Having failed to interpose any such defense, the plaintiff is now precluded from claiming that said judgment is not conclusive upon him as to any equitable rights he may have had in said real property at the time of the trial of said action.

▇ A judgment is conclusive against the parties not only as to the issues which were actually litigated therein, but also as to all issues which might have been litigated at the trial of said action. (*Price* v. *Sixth District Agricultural Assn.*, 201 Cal. 502, 511 [258 Pac. 387].)

The case of *South San Bernardino etc. Co.* v. *San Bernardino Nat. Bank*, 127 Cal. 245 [59 Pac. 699], is readily distinguishable from the present action. In that action the plaintiff brought an action to quiet title. The defendant denied plaintiff's title, but made no claim that it was the owner of the real property involved, nor did the defendant ask to have its title quieted. The judgment was a simple judgment that the plaintiff take nothing by its said action. This court held that in a subsequent action between the same parties, the plaintiff was not precluded by the judgment in the first action from asserting that the defendant held said real property in trust for plaintiff. Had the defendant in the first of said two actions alleged in its answer that it was the owner of said real property, and had the court under this allegation found that defendant was the owner of said real property and quieted its title to said real property, the plaintiff would have been precluded in the second action from asserting any claim either legal or equitable to the real property involved therein. It is in this latter situation that the appellant finds himself. The trial court upon proper and sufficient allegations has found the defendant to be the owner of said four parcels of land and has quieted her title thereto. Its decree effectually forecloses all the interest of the plaintiff, whether legal or equitable, which he had, or claimed to have had, therein previous to the entry of said decree.

The judgment is affirmed.

Langdon, J., Thompson, J., Seawell, J., Shenk, J., Waste, C. J., and Conrey, J., concurred.