[Civ. No. 13234. Second Dist., Div. Two. Oct. 14, 1941.]

MILTON E. GILES & COMPANY (a Corporation), Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association) et al., Respondents.

La Verne M. Hayes and J. K. Wilson for Appellant.

Samuel W. Newman for Respondents.

MOORE, P. J.—Plaintiff appeals from a judgment in favor of defendant Judith C. Newberger quieting her title in certain lands situate in Los Angeles County, California, and declaring her to be the lawful owner of such lands as her separate property.

Mrs. Newberger's defenses to this action were: (1) denial of plaintiff's claim of ownership, and (2) that defendant Schneirow, as trustee for Mrs. Newberger, received a deed conveying the lands and that they are her separate estate.

The history and the origin of plaintiff's asserted rights and the facts constituting the basis of the judgment appealed from are found in the findings of the court whose substance follows:

Prior to January 16, 1933, defendant George Newberger, husband of defendant Judith, was indebted to plaintiff in the sum of $16,381.46. In December, 1934, plaintiff instituted an action against Mr. Newberger causing judgment to be entered against Newberger January 9, 1935, in the sum of $19,196.07. On the 28th day of February, 1936, plaintiff caused an execution to be issued and levied upon certain real property including that of Mrs. Newberger which is that described in plaintiff's complaint here, and thereafter on the 1st day of April, 1936, pursuant to such levy the marshal of the city of Los Angeles made a judicial sale of the lands described in the notice of levy and plaintiff became the purchaser. On April 22, 1937, the marshal conveyed to plaintiff all the right, title and interest of Mr. Newberger in and to the same lands. At the sale plaintiff bid the sum of $21,026.31, the full amount of its judgment against Mr. Newberger.

Prior to 1922 the Newbergers had their separate properties. During the period from 1922 to 1939 they traded with and made loans to each other but Judith acquired and kept her property separate from that of her husband, pursuant to a written contract between the two. During the same period she acquired properties by gift from her husband and by inheritance from others. George managed the properties of Judith and they kept comprehensive and accurate books of account which reflected the property of each of them, the status of the account, the dealings had between them and the moneys due from time to time from George to Judith. All of the transactions between the Newbergers and by either of them were consummated in such manner and so entered in their books of account as truly to reflect the separate ownership of Judith in all that belonged to her separate estate.

In April, 1922, defendant bank (then named and known as the Hellman Commercial Trust and Savings Bank) acquired title to a large tract of land in Los Angeles County, situated in Hollywood Heights which was subdivided into many parcels. These were held under and pursuant to trusts #133 N S and #255 N S in the bank. In June, 1923, George Newberger acquired a large interest in both trusts. In March, 1930, the total beneficial interests in both trusts were vested in the Newbergers as joint tenants. Promptly

upon their acquisition of such beneficial interests, the Newbergers hypothecated the beneficial interests to defendant bank as security for the payment of $110,000. The following year Mr. Newberger became indebted, validly and in good faith, to his wife in a sum exceeding $90,000 as a result of their transactions together. As evidence of a portion of his debt to his wife, on April 28, 1931, George delivered to Judith his demand note in the sum of $50,000 and to secure the payment of this note he assigned his beneficial interest in the trusts to her. The note and the assignment were found to be the separate property of Mrs. Newberger.

In April, 1932, a dispute arose between the Newbergers and defendant bank as to the ownership of the lands held under the trust. Action No. 339016, Superior Court of Los Angeles County, California, was filed on April 20, 1932, by the Newbergers against the bank to determine the question. During the pendency of this action and on July 18, 1933, as additional security for the $50,000 due his wife, the two spouses executed and delivered to Judith as beneficiary a trust deed in favor of the National Title Insurance Company which conveyed to the grantee all of the property held under the two trusts including that involved in the present action. That trust deed was duly recorded. Judgment for plaintiffs having been entered in the last mentioned action subsequent negotiations resulted in the final judgment's confirming title in the bank and the right of the Newbergers to enforce the trusts. Contemporaneously with filing their action against the bank, the Newbergers caused to be filed a notice of *lis pendens* giving the names of the litigants and a description of the property. Prior to the final judgment the parties made a settlement terminating Judith's interest in all trusts, Judith to deliver to the bank her $50,000 note of her husband for cancellation for which the bank agreed to convey to Judith or her nominee those certain properties held in the trusts and which is the same property described in the complaint in the present action. Thereafter Mrs. Newberger nominated M. Schneirow as the person to whom the property should be conveyed. By grant deed, the bank on the 4th day of January, 1935, conveyed all of Mrs. Newberger's property to her nominee. Thereupon defendant Schneirow executed her written declaration to the effect that she held the property as trustee for Judith C. Newberger

and not for herself. Neither the deed nor the declaration was ever recorded.

The transactions between the Newbergers on the one side and the bank on the other were made and consummated by George for the benefit of Judith in good faith and without intent to hinder, delay or defraud the creditors of George Newberger. Judith paid an adequate consideration for the lands conveyed to her by her surrender and cancellation of the $50,000 note and the performance of all obligations imposed by the agreement of November 15, 1934.

Contrary to appellant's contention, the evidence abundantly supports the findings. Mr. Newberger's testimony covers practically every fact found by the court. His wife had engaged in business transactions as early as 1913. From that year until 1930 she made her separate income tax returns showing her separately owned property. During that period they had maintained books of account. Mr. Newberger employed an expert accountant to set up books of account for the two spouses in 1925. They were kept by his secretary, one Davis. All business transactions between himself and Mrs. Newberger were entered in the books between 1925 and 1931. The "Transfer Cash Journal" of George and Judith C. Newberger and the "Transfer Ledger" reflected faithfully the respective ownerships of the two spouses and their relations as debtor and creditor to each other. They showed that George was indebted to Judith on December 31, 1930, in the sum of $96,770.95. The books disclosed that at the end of each year a journal entry was made showing the condition of their accounts. The figures were recapitulated each year and this account was progressive. There is no evidence that at the time the books were set up and Judith was credited with $96,000 due her from her husband that the latter was indebted at all to any other person. While it is true that the books of account were not in evidence yet they were in the possession of the court, subjected to its scrutiny and to the inspection of appellant.

The books showed that Judith had her own properties separate from those of George and that both spouses traded extensively in securities. Entries were made daily in these records by Mr. Newberger or his secretary and those were posted by the accountant monthly. Under the account of "Capital and Net Worth" the records disclose that at the

end of 1930 Mr. Newberger was worth $436,287.55; that Mrs. Newberger's net worth at the same time was $280,027.85; that in 1928 her net worth was $168,600. The books of account show various real estate accounts, bills payable, expenses and the accounts of syndicates in which either or both of the spouses were interested.

Mr. Newberger sold securities extensively. Prior to 1931 he acted as syndicate manager for many people and the transactions ran into millions. In the books of account his note to his wife for $50,000 is entered as of April 28, 1931. That was long prior to his debt to plaintiff which is embalmed in the $19,196.07 judgment. There was no further entry with respect to the $50,000 note in the books of account after 1931.

Prior to the delivery of that note to his wife, Mr. Newberger discussed it with her and the question of giving her collateral as security. He then called at the bank and advised vice-president Ashley of his agreement to secure his indebtedness to his wife and immediately thereafter he received the forms of the collateral assignment of beneficial interest to be executed by himself and Mrs. Newberger together with the note prepared for his signature. A copy of the note was received in evidence. After the assignment of the beneficial interest by Mr. Newberger and its acceptance by his wife April 28, 1931, he delivered the assignment to the bank and the note to Judith. Thereafter, on November 16, 1934, the note was delivered to the bank for cancellation as provided by the contract of the preceding day. While the note was not adduced at the trial, the testimony of Newberger was not contradicted in this or in any other particular. Moreover, it may reasonably be assumed that the instrument was delivered by the bank to the National Title Insurance Company to procure the release of the trust deed and a reconveyance.

Under cross-examination, Mr. Newberger further testified that his wife does not hold the lands as security for money he owes her but that it is her separate property; that on the day of the levy upon her lands, she owned her home on South Hudson Street and securities of a value between $10,000 and $100,000; that he had made no payments on the $50,000 note; that he owed Mrs. Newberger in excess of that amount; that she received the property in suit in return

for the note; that since its cancellation he had made no promise to pay any sum upon it; that in 1926, he deeded to her land worth $122,000 at which time he was wealthy and free from debt; and that during the same year his wife's income was $80,000 and she paid an income tax of $8,000 on her separate return.

In addition to the testimony of Mr. Newberger and the documents and books of account, defendants introduced documents showing that defendant bank was grantee of certain tracts and parcels of land in 1922. Declarations of trust were at that time executed by the bank in favor of Mr. Newberger and his co-beneficiary, one Clinch. By other documents those trusts were modified or supplemented on the 6th of March, 1930, when Mrs. Newberger with her husband became a beneficiary, Clinch having been theretofore eliminated.

The assignment made by George to Judith Newberger of his entire interest in these two trusts subject to a prior assignment to the bank to secure his note for $110,000 was filed in evidence. That instrument recited the note and following the signature of Mr. Newberger is found endorsed in ink: "Note retd. to B of A 11–16–34 for cancellation as per contract of 11–16–34." These documents considered with the records in the books of account showing the erstwhile debt of George to Judith in excess of $96,000 justified the finding of the validity of the $50,000 note. Still other documents received bring the property involved in this action from its status as a part of the real estate trust into the ownership of Mrs. Newberger. After the controversy arose between the Newbergers and the bank as to the ownership of the trust properties, suit was filed by the Newbergers. Contemporaneously, notice of *lis pendens* was recorded in the office of the county recorder on April 20, 1932. This was notice to plaintiff of the parties litigant as well as of the contents of the pleadings, the description of the property and the bank's claim of ownership. At the conclusion of the litigation and the surrender of the $50,000 note by Mr. Newberger, the bank by a writing agreed to convey to her the property involved in this action. It was then by deed conveyed to Mrs. Newberger's nominee.

That she chose to have the title of her property placed in the name of defendant Schneirow did not detract from

the virtue of the notice which plaintiff had of the claim of ownership of the lands in question by both the bank and the Newbergers. The very fact that Miss Schneirow is named as party defendant in the present action shows that that information was available to the plaintiff and could have been gained prior to the levy by request at the bank or by a supplemental proceeding.

From the conveyances of record and the notice of the litigation between the bank and the Newbergers, plaintiff knew at all times or by the exercise of reasonable prudence could have learned that the title of the property involved in this litigation was vested in the defendant bank until it was conveyed to Schneirow. (Sec. 863, Civil Code.) Not only did the original deed to the bank in 1922 show its ownership but in the action filed by the Newbergers against the bank (No. 339016) it was decreed that the bank was vested with a valid title to the property.

■ The claim of lack of good faith on the part of Newberger is not supported by any evidence. While such transactions between husband and wife oftentimes constitute the basis for justifiable suspicion of dishonesty, at the same time suspicion, if any, is not sufficient to obviate the force and effect of evidence of documents and of living witnesses and especially so in the absence of charges of fraud and of evidence in support thereof. The proof that at the end of 1930 she had a separate estate worth $280,027 was sufficient to dispel the imputation of bad faith.

■ Appellant contends that the judgment in favor of Judith Newberger cannot be supported for the reason that she filed no cross-complaint against her co-defendants. But in view of the fact that Mrs. Newberger denied the claims of the plaintiff and declared affirmatively the basis of her claim of ownership of the property in question, the court was justified in deciding that she was the owner and entitled to the possession of the property. The court had power to render such judgment as it might from the evidence have determined with respect to all the parties of the action defining and determining their respective rights and interests in the lands described in the pleadings. It was the duty of the court to adjudicate the whole question according to the evidence and to award each litigant the judgment for such interest as his proofs justified. (Code Civ. Proc., sec. 578;

*Strong* v. *Shatto,* 201 Cal. 555, 558 [258 Pac. 71] ; *Lanktree* v. *Lanktree,* 6 Cal. (2d) 120 [56 Pac. (2d) 943] ; *Cummings* v. *Cummings,* 55 Cal. App. 433, 441 [203 Pac. 452].)

Mrs. Newberger owned the property in question in her separate right. Having acquired a lien upon it as collateral for the $50,000 note, it was an easy transition from the status of lienor to that of owner by accepting a deed to the land and the cancellation of her indebtedness to the bank in exchange for the $50,000 note. Lands acquired by a married woman are presumptively her separate property. (Sec. 164, Civil Code.) But the court was not required to rely upon a presumption to establish her separate ownership. The testimony of Mr. Newberger and the documents received as exhibits were sufficient, when believed, to have overcome a contrary presumption. If plaintiff had prior to levy first ascertained the status of the title to the lands, its course then to be followed for the purpose of making a successful levy would have brought it to the point of a direct attack upon the transfer to Judith Newberger. The fact that she had the property conveyed directly from the bank to her trustee, M. Schneirow, does not defeat or invalidate her separate ownership. Plaintiff had notice of the original acquisition of the property in question by Mr. Newberger. The filing of the action in 1932 and the recordation of the notice of *lis pendens,* April, 1932, supplied plaintiff with the names of the parties to the action, the purpose of the law suit and a description of the property involved. From the time of the filing of such notice the world had constructive notice that title was vested in the bank and that the Newbergers claimed ownership. (Sec. 409, Code Civ. Proc.)

Furthermore, the fact that George Newberger as early as 1922 caused the title to the lands to be vested in the bank as trustee; that he dealt with the trust so openly as to have gained the reputation with plaintiff as owner of the land; that the two spouses conveyed the lands in trust to the National Title Insurance Company in July, 1933, and in turn received a reconveyance of that trust deed in January, 1935;—these circumstances evidenced by the public records were sufficient to put a prudent man on inquiry as to the particular ownership at the time of the levy in 1936. Such inquiry would have led plaintiff unerringly to the discovery

that the lands levied upon had been conveyed by deed to M. Schneirow in January, 1935. (Sec. 19, Civil Code.)

██ An examination of the judgment roll in the first action filed by Newberger against the bank would have disclosed that the judgment first entered had been appealed and subsequently reversed and that thereafter the final judgment was entered holding that the title of the lands was vested in the bank. Indeed, there is no fact of value to the plaintiff with respect to the lands in question that could not have been ascertained by plaintiff's diligent inquiry. Nothing indicates that the bank would not have supplied such information as might have been sought or that Mr. Newberger was not available for supplemental examination. But regardless of whether plaintiff had notice of any of the transactions between the bank and the Newbergers, Judith Newberger by competent evidence established her separate ownership of the property which plaintiff levied upon as the property of George Newberger. Having levied upon lands in which the judgment debtor had no interest, the sale thereof by the marshal under execution and the subsequent deed to plaintiff vested no interest in plaintiff. (Code Civ. Proc., sec. 700; *Jordan* v. *Myres,* 126 Cal. 565, 569 [58 Pac. 1061].)

The judgment is affirmed. The appeal from the order denying the motion for new trial is dismissed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing was denied November 10, 1941, and appellant's petition for a hearing by the Supreme Court was denied December 11, 1941.